On the Merits.
.The plaintiffs, R. L. Jackson and Mrs. Virginia M. Sutton, allege that they own in indivisión the following described lands in the parish of Winn, to wit, the N. Yz of the N. E. % of Sec. 11, N. W. % of Sec. 12, and the S. E. Yi of S. W. Yi of Sec. 1, T. 9 N., R. 6 W. These tracts amount to 280 acres, and together are known as the “Brake Property.” Mrs. Sutton further alleges that she is the owner of the S. Yz of the N. E. N. Y% of S. B. %, and N. W. Yi of N. B. %. of Sec. 9, T. 9 N., R. 4 W. These tracts, amounting to 200 acres, are also situated in the parish of Winn, and, together, are known as the “Strong Old Field.” The plaintiffs furtlier allege that in October, 1895, the property thus described was adjudicated for the taxes of 1894 (assessed in the name of Mrs. N. M. Strong) to T. T. Shumate, J. B. Milam, H. W. Machen, and H. C. Mixon, and that in or about 1901 said parties effected a partition of the same and of other lands, whereby Shumate acquired the Brake property and Mixon acquired the Strong old field, and that said properties were thereafter sold to W. O. Harrison and J. M. Ferguson, respectively. They further allege that said, properties were never owned by Mrs. Strong, and that the tax sale thereof was and is void for want of legal assessment and notice to the owners, and for the further reason that they were sold in globo with other lands, not claimed by petitioners. They therefore pray that the parties named be cited, and that petitioners have judgment annulling said tax sale and decreeing them to be the owners of the property in question with right of possession thereto.
The defendants, by way of exception, plead no cause of actiou, want of tender, prescription, and estoppel, and for answer deny that *584 the plaintiffs are the owners of the property claimed by them, and affirm the validity of the titles which are attacked. They further allege that the property in question belonged to Will A. Strong, and that, although the titles were placed in the name of his sister and brother-in-law (plaintiffs herein), and of his wife, for the purpose of shielding it from his creditors, it has, to the knowledge of said parties, been assessed to said Strong, or his wife, and was assessed to the latter for the taxes for which it was sold; and they further allege that for many years it was so assessed by the plaintiff Jackson, acting as assessor and deputy assessor of the parish of Winn.
It appears from the evidence that the property known as the “Strong Old Field” was conveyed on September 8, 1868, by Walcott A. Strong (father of Will A. Strong), to the plaintiff Jackson, who, on September 25, 18C8, conveyed it to his brother-in-law, AVill A. Strong, by whom, on April 26, 1872, it was conveyed to his sister, Miss V. M. Strong, who is now Mrs. Sutton, and is a plaintiff in this case. It also appears that on January 16, 1872, the Brake property was conveyed by Walcott A. Strong and P. ap K. Morse to Will A. Strong and the plaintiff Jackson, and it seems to be conceded that Strong subsequently (in April, 1872) conveyed his interest therein to his sister, Miss V. M. Strong. It further appears that in 1873 the Brake property was assessed to Miss Strong, and it may be that it was intended to so assess that property and to assess the Strong old field to her and Jackson for the several succeeding years, though the description given in such extracts from the rolls as we find in the record leaves the property intended to be assessed a matter of uncertainty. It seems reasonably certain, however, that as early as 1880 both properties were assessed to AVill A. Strong; that they continued to be so assessed for several years by Jackson, the plaintiff, who 'was then the assessor of the parish; that from 1886 to 1888 they were assessed to “Will A. Strong, Agt.,” and that they were thereafter, up to and inclusive of the year 1S94, for the taxes of which year they were sold, assessed to Mrs. N. M. Strong, his wife. It further appears that in 1886 all the recorded titles in Winn parish were destroyed by fire, and that prior to-the sale of the property in question in 1895 the plaintiffs herein had never reinscribed the titles which they here set up, though for 15 years the property claimed by them had been assessed to Will A. Strong" or his wife, and they alone had paid the-taxes. Further than this, we find in the record the testimony of Mrs. N. M. Strong to. the effect that it. was her understanding that in a settlement with his sisters, Mrs. Sutton and Mrs. Jackson, her husband reacquired both the Brake property and the Strong old field, and placed them in her name. We also find in the record a memorandum in the' handwriting of Will A. Strong, prepared more-than 20 years before this suit was filed, and. found in a book turned over by him to A. L. Jones, who succeeded him as notary public, from which we make the following excerpts, to wit;
“List of property belonging to Will A.. Strong- in the name of other parties and valuation, as assessed in Winn.
“(1) 200 acres, S. % of N. E. 14, N. y2 off S. E. 14, and N. W. 14 of N. E. %, Town. 9, Sect. 9, R. 4 W. — $200.
“(2) 283 S2/100 acres, E. y2 of N. W. 14, S.. W. 14 of N. W. %, and N. W. % of N. W. 14, Town. 9, Sect. 12, R. 6 W.
“N. % of N. E. 14, Sect. 11, Town. 9, R. 6 W., S. E. 14 of S. W. %, Sect. 1, Town. 10, R. 6 AV. * * *
“No. 1, property known as ‘Strong Old. Field,’ on Winnfield Road, in name V. M. Strong.
“No. 2, property known as ‘Brake Property,’ in name of R. L. Jackson & V. M. Strong.”
The author of this memorandum, being, examined as a witness, testified that it was prepared by him, and that it showed that the-property referred to belonged to him, and was standing in the names of other persons. Upon the other hand, it may be observed' that neither of the plaintiffs has thought proper to take the stand and verify, as a witness, the claims of ownership which are asserted in the petition.
Opinion.
The conclusion which we reach from the-facts stated is that, when the property here claimed was assessed and sold for taxes, the plaintiffs were not the owners of record or-otherwise; and, as it is not pretended that they have acquired title since that time, it: *586 is evident that they are without interest or ■standing to prosecute this suit. The judgment appealed from is therefore affirmed.